Houck, J.
The plaintiff in error seeks a reversal of the judgment of the common pleas court in this case. The plaintiff in error was the defendant below, and the defendant in error was the plaintiff below. The suit below was one for personal injuries alleged to have been received by said Burkham while attempting to drive in a one-horse buggy over the tracks of said railway com *435 ■pany at a point about four miles east of the city of Newark, Ohio, known as McClellan’s crossing. It' was 'alleged that said injuries complained of were caused by'one of the interurban cars of the defendant company, which was being run by the servants of the company at a reckless and dangerous rate of speed, at about sixty miles an hour; that said injuries received by Burkham were in no way caused by any fault of his or negligence on •his part; and that he in no way contributed to the same.
The cause was submitted to a jury' and a verdict returned in favor of Burkham in the sum of $500. A motion for a new trial was filed, heard and overruled, and a judgment was entered on the verdict.
Plaintiff in error seeks a reversal of this judgment for two reasons:
1. That the court erred in giving to the jury before, argument a certain written request which was given at the instance of the plaintiff below.
2. That the verdict is against the manifest weight of the evidence.
■When written requests are presented by counsel to be given before argument, it is the duty of the court to give them, if they are sound propositions of law and applicable to the facts established by the evidence and pertinent to the issue or issues raised by the pleadings; but if they, or any of them, are not such, then, of course, the trial judge must not submit same to the jury.
The request complained of is as follows':
“If you find from the evidence that the motorman of the defendant, in the exercise of ordinary care on his part, in the running of the car, could *436 or should have seen the plaintiff about to use said crossing, both vehicle and car going in the same direction, in time to have slackened the speed of his car, or in time to 'have stopped the car and thus avoided the accident to the plaintiff, and that because of the failure of said motorman to see the said plaintiff in that position, or that he 'was guilty of a want of ordinary care in not seeing the plaintiff in said position, your verdict should be for the plaintiff, unless you find from the evidence that the plaintiff was guilty of negligence contributing to his injuries.”
It is urged by counsel for plaintiff in error that the court below erred in giving the above to the jury, for the reason that it is based upon the* doctrine of last chance and the petition is silent as to any such claim.
We have examined this request with much care, and, from our examination of it, and in the light of the authorities upon this question, we are free to say that we can not agree with the claim of counsel for plaintiff in error.
The law as embraced in this request is certainly sound as a general proposition of law, and was peculiarly applicable to the facts as shown by the evidence in this case, and the court committed no error in submitting it to the jury.
The next question to be determined by this court is: Was the verdict against the manifest weight of the evidence? We have read the testimony of the witnesses, as contained in the bill of exceptions, and, while the testimony of the plaintiff below stands alone as to some of the material facts necessary to be established in order for him to recover, *437 yet we are not able to say, as a reviewing, court, that the jury was not -warranted in giving the weight to his testimony which it certainly did give, as indicated by the verdict it returned.
A reviewing court will not and should not set aside and hold for naught a verdict of a jury for the alleged reason that it is against the weight of the evidence, unless, upon an examination of the whole' record, it is fully satisfied that the verdict is manifestly and clearly against the weight of the evidence, and in the present case we are not so satisfied and therefore will not disturb the verdict of the jury on the alleged ground that it is not supported by the evidence.
We therefore hold, from an examination of the entire record under review, that there is no prejudicial error therein that would warrant a court in reversing the judgment of the common pleas court. We therefore hold that the judgment of . the lower court should be affirmed.

Judgment affirmed.

Shields and Powell, JJ., concur.